No. 25-10668

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

BILL WORD, DAVID DAQUIN, *Plaintiffs-Appellants*,

v.

U.S. DEPARTMENT OF ENERGY, *Defendant-Appellee*,

On Appeal from the United States District Court for the Northern
District of Texas, Amarillo Division Case No. 2:24-cv-00130

**RECORD EXCERPTS**

Devin Watkins
    *Counsel of Record*
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street NW, 7th Floor
Washington, DC 20005
(202) 331-1010
devin.watkins@cei.org

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

Docket Sheet (ROA.1-6) ................................................................... Tab 1

Complaint (ROA.7-19) .................................................................... Tab 2

Order Granting Motion to Dismiss (ROA.451-54)

Judgment (ROA.455) ..................................................................... Tab 3

Order Denying Motion to Alter or
    Amend the Judgment (ROA.499-503).................................... Tab 4

Judgment (ROA.455)...................................................................... Tab 5

Notice of Appeal (ROA.504) ......................................................... Tab 6

CERTIFICATE OF SERVICE

**TAB 1**

# U.S. District Court
# Northern District of Texas (Amarillo)
# CIVIL DOCKET FOR CASE #: 2:24-cv-00130-Z

Word et al v. U.S. Department of Energy
Assigned to: Judge Matthew J. Kacsmaryk
Case in other court:  USCA5, 25-10668
Cause: 05:702 Administrative Procedure Act

Date Filed: 06/13/2024
Date Terminated: 11/26/2024
Jury Demand: None
Nature of Suit: 890 Other Statutes: Other
Statutory Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Bill Word**                                    represented by  **Devin Watkins**
Competitive Enterprise Institute
1310 L Street NW, 7th Floor
Ste 7th Floor
Washington, DC 20005
202-331-2278
Email: devin.watkins@cei.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Daniel Greenberg**
Competitive Enterprise Institute
1310 L Street
Washington, DC 20005
202-331-1010
Email: dan.greenberg@cei.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Joseph Mark Parsons**
Mayfield Heinrich Rahlfs Weaber & Parsons
320 S Polk
Ste 1000
Amarillo, TX 79101
806-242-0152
Fax: 806-242-0159
Email: joey@mhrwp.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Plaintiff**

**David Daquin**                                 represented by  **Devin Watkins**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Daniel Greenberg**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Joseph Mark Parsons**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**U.S. Department of Energy**      represented by   **Jason C. Lynch**
DOJ-Civ
Federal Programs Branch
1100 L Street NW
Suite 12504
Washington, DC 20005
202-514-1359
Email: jason.lynch@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Movant**

**The Association of Home Appliance**      represented by   **Aimee M Furness**
**Manufacturers**                                         Haynes and Boone LLP
*Party and attorney are active (attorney has*             2801 N Harwood Street, Suite 2300
*been terminated to restrict access to sealed*            Dallas, TX 75201
*filings.)*                                               214-651-5024
                                                          Email: aimee.furness@haynesboone.com
                                                          *TERMINATED: 08/13/2024*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Bar Status: Admitted/In Good Standing*

                                                          **Catherine S Lombardo**
                                                          Mintz Levin Cohn Ferris Glovsky and Popeo,
                                                          P.C.
                                                          One Financial Center
                                                          Boston, MA 02111
                                                          617-542-6000
                                                          Fax: 617-542-2241

Email: cslombardo@mintz.com
*TERMINATED: 08/14/2024*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Charles A Samuels**
Mintz Levin Cohn Ferris Glovsky and Popeo
P.C.
555 12th Street NW
Suite 1100
Washington, DC 20004
202-434-7312
Email: casamuels@mintz.com
*TERMINATED: 08/14/2024*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Christopher Ryan Knight**
Haynes and Boone LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
817-347-6637
Fax: 214-200-0923
Email: chris.knight@haynesboone.com
*TERMINATED: 08/13/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Kevin N Ainsworth**
Mintz Levin Cohn Ferris Glovsky and Popeo
PC
919 Third Avenue
Suite 38th Floor
New York, NY 10022
212-935-3000
Fax: 212-983-3115
Email: kainsworth@mintz.com
*TERMINATED: 08/14/2024*
*PRO HAC VICE*
*Bar Status: Not Admitted*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/13/2024 | 1 (p.7) | COMPLAINT against All Defendants filed by Bill Word, David Daquin. (Filing fee $405; Receipt number ATXNDC-14691001) Clerk to issue summons(es) for federal defendant(s). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking |

| | | |
|---|---|---|
| | | here:  Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 (p.7) Cover Sheet, # 2 (p.28) Summons) (Watkins, Devin) (Entered: 06/13/2024) |
| 06/13/2024 | 2 (p.28) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by David Daquin, Bill Word. (Clerk QC note: Affiliate entry indicated). (Watkins, Devin) (Entered: 06/13/2024) |
| 06/13/2024 | 3 (p.30) | New Case Notes: A filing fee has been paid. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (No magistrate judge assigned). Clerk to provide copy to plaintiff if not received electronically. (cmk) (Entered: 06/13/2024) |
| 06/13/2024 | 4 (p.32) | Summons issued as to U.S. Department of Energy, U.S. Attorney, and U.S. Attorney General. (cmk) (Entered: 06/13/2024) |
| 06/17/2024 | 5 (p.38) | Application for Admission Pro Hac Vice with Certificate of Good Standing (Filing fee $100; Receipt number ATXNDC-14699031) filed by David Daquin, Bill Word (Attachments: # 1 (p.7) AI Certificate, # 2 (p.28) Proposed Order, # 3 (p.30) Certificate of Good Standing) (Watkins, Devin) (Entered: 06/17/2024) |
| 06/17/2024 | 6 (p.44) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Daniel Greenberg (Filing fee $100; Receipt number ATXNDC-14699134) filed by David Daquin, Bill Word (Attachments: # 1 (p.7) AI Certificate, # 2 (p.28) Proposed Order, # 3 (p.30) Certificate of Good Standing) (Watkins, Devin) (Entered: 06/17/2024) |
| 06/21/2024 | 7 (p.50) | ORDER granting 5 (p.38) Application for Admission Pro Hac Vice; granting 6 (p.44) Application for Admission Pro Hac Vice. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Matthew J. Kacsmaryk on 6/21/2024) (cmk) (Entered: 06/21/2024) |
| 08/13/2024 | 8 (p.51) | MOTION to Intervene *and Memorandum of Law in Support* filed by The Association of Home Appliance Manufacturers with Brief/Memorandum in Support. (Attachments: # 1 (p.7) Intervenor AHAM's Answer to Plaintiffs' Complaint for Injunctive and Declaratory Relief, # 2 (p.28) Appendix in Support of AHAM's Motion to Leave to Intervene and Memorandum of Law in Support, # 3 (p.30) Proposed Order [proposed] Order Granting AHAM's Motion for Leave to Intervene, # 4 (p.32) Certificate Judge-Specific Requirements - Aimee Furness, # 5 (p.38) Certificate Judge-Specific Requirements - Christopher Knight)Attorney Aimee M Furness added to party The Association of Home Appliance Manufacturers(pty:intv) (Furness, Aimee) (Entered: 08/13/2024) |
| 08/13/2024 | 9 (p.355) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by The Association of Home Appliance Manufacturers. (Clerk QC note: Affiliate entry indicated). (Furness, Aimee) (Entered: 08/13/2024) |
| 08/13/2024 | 10 (p.357) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Kevin N. Ainsworth (Filing fee $100; Receipt number ATXNDC-14837815) filed by The Association of Home Appliance Manufacturers (Attachments: # 1 (p.7) Certificate of Good Standing, # 2 (p.28) Certificate Judge-Specific Requirements, # 3 (p.30) Proposed Order [proposed] Order for Admission Pro Hac Vice) (Furness, Aimee) (Entered: 08/13/2024) |
| 08/13/2024 | | |

| | | |
|---|---|---|
| | <u>11</u><br>(<u>p.366</u>) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Catherine S. Lombardo (Filing fee $100; Receipt number ATXNDC-14837818) filed by The Association of Home Appliance Manufacturers (Attachments: # <u>1 (p.7)</u> Certificate of Good Standing, # <u>2 (p.28)</u> Certificate Judge-Specific Requirements, # <u>3 (p.30)</u> Proposed Order [proposed] Order for Admission Pro Hac Vice) (Furness, Aimee) (Entered: 08/13/2024) |
| 08/13/2024 | <u>12</u><br>(<u>p.372</u>) | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Charles A. Samuels (Filing fee $100; Receipt number ATXNDC-14837819) filed by The Association of Home Appliance Manufacturers (Attachments: # <u>1 (p.7)</u> Certificate of Good Standing, # <u>2 (p.28)</u> Certificate Judge-Specific Requirements, # <u>3 (p.30)</u> Proposed Order [proposed] Order for Admission Pro Hac Vice) (Furness, Aimee) (Entered: 08/13/2024) |
| 08/19/2024 | <u>13</u><br>(<u>p.378</u>) | NOTICE of Attorney Appearance by Jason C. Lynch on behalf of U.S. Department of Energy. (Filer confirms contact info in ECF is current.) (Lynch, Jason) (Entered: 08/19/2024) |
| 08/19/2024 | <u>14</u><br>(<u>p.379</u>) | MOTION to Dismiss for Lack of Jurisdiction filed by U.S. Department of Energy with Brief/Memorandum in Support. (Attachments: # <u>1 (p.7)</u> Proposed Order) (Lynch, Jason) (Entered: 08/19/2024) |
| 08/19/2024 | <u>15</u><br>(<u>p.395</u>) | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by U.S. Department of Energy. (Clerk QC note: No affiliate entered in ECF.) (Lynch, Jason) (Entered: 08/19/2024) |
| 08/26/2024 | <u>16</u><br>(<u>p.397</u>) | MOTION (Consent) to Hold in Abeyance re <u>8 (p.51)</u> MOTION to Intervene *and Memorandum of Law in Support* filed by U.S. Department of Energy with Brief/Memorandum in Support. (Attachments: # <u>1 (p.7)</u> Proposed Order) (Lynch, Jason) (Entered: 08/26/2024) |
| 08/27/2024 | <u>17</u><br>(<u>p.400</u>) | ORDER granting <u>16 (p.397)</u> Motion (Consent) to Hold in Abeyance re <u>8 (p.51)</u> MOTION to Intervene. It is ORDERED that the Association's Motion to Intervene is HELD IN ABEYANCE. It is FURTHER ORDERED that if Defendant's Motion to Dismiss is denied, Defendant and Plaintiffs shall file any response to the Association's Motion to Intervene within in TWENTY-ONE (21) DAYS of such denial. (Ordered by Judge Matthew J. Kacsmaryk on 8/27/2024) (awc) (Entered: 08/27/2024) |
| 09/09/2024 | <u>18</u><br>(<u>p.401</u>) | RESPONSE filed by David Daquin, Bill Word re: <u>14 (p.379)</u> MOTION to Dismiss for Lack of Jurisdiction (Watkins, Devin) (Entered: 09/09/2024) |
| 09/23/2024 | <u>19</u><br>(<u>p.432</u>) | REPLY filed by U.S. Department of Energy re: <u>14 (p.379)</u> MOTION to Dismiss for Lack of Jurisdiction (Lynch, Jason) (Entered: 09/23/2024) |
| 10/10/2024 | <u>20</u><br>(<u>p.444</u>) | ORDER: The Applications are therefore DEFERRED for 14 days from the date of this Order so Movant can comply with the Local Rules. re: <u>10 (p.357)</u> Application for Admission Pro Hac Vice; <u>11 (p.366)</u> Application for Admission Pro Hac Vice; <u>12 (p.372)</u> Application for Admission Pro Hac Vice. (Ordered by Judge Matthew J. Kacsmaryk on 10/10/2024) (awc) (Entered: 10/10/2024) |
| 10/11/2024 | <u>21</u><br>(<u>p.445</u>) | MOTION for Leave to Proceed Without Local Counsel filed by The Association of Home Appliance Manufacturers (Attachments: # <u>1 (p.7)</u> Proposed Order) (Knight, Christopher) (Entered: 10/11/2024) |
| 10/15/2024 | <u>22</u><br>(<u>p.450</u>) | ORDER granting <u>10 (p.357)</u> , <u>11 (p.366)</u> , <u>12 (p.372)</u> Applications for Admission Pro Hac Vice. Important Reminder: Unless excused for cause, an attorney who is not an |

| Date | Doc # | Description |
|---|---|---|
| | | ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g); and granting 21 (p.445) Motion for Leave to Proceed Without Local Counsel. (Ordered by Judge Matthew J. Kacsmaryk on 10/15/2024) (awc) (Entered: 10/15/2024) |
| 10/15/2024 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:22. Tue Oct 15 16:07:24 CDT 2024 (crt) (Entered: 10/15/2024) |
| 11/26/2024 | 23 (p.451) | ORDER finding as moot 8 (p.51) Motion to Intervene; granting 14 (p.379) Motion to Dismiss for Lack of Jurisdiction: Therefore, Plaintiffs' Motion to Dismiss is GRANTED for lack of subject matter jurisdiction and Movant's Motion to Intervene is DENIED as MOOT. (Ordered by Judge Matthew J. Kacsmaryk on 11/26/2024) (cmk) (Entered: 11/26/2024) |
| 11/26/2024 | 24 (p.455) | JUDGMENT: The Court has entered its order dismissing Plaintiff's Complaint. Accordingly, this case is DISMISSED with prejudice. (Ordered by Judge Matthew J. Kacsmaryk on 11/26/2024) (cmk) (Entered: 11/26/2024) |
| 12/19/2024 | 25 (p.456) | MOTION to Amend/Correct 23 (p.451) Order on Motion to Intervene,, Order on Motion to Dismiss/Lack of Jurisdiction, 24 (p.455) Judgment filed by Bill Word, David Daquin with Brief/Memorandum in Support. (Attachments: # 1 (p.7) Proposed Order) (Watkins, Devin) (Entered: 12/19/2024) |
| 01/09/2025 | 26 (p.475) | RESPONSE filed by U.S. Department of Energy re: 25 (p.456) MOTION to Amend/Correct 23 (p.451) Order on Motion to Intervene,, Order on Motion to Dismiss/Lack of Jurisdiction, 24 (p.455) Judgment (Lynch, Jason) (Entered: 01/09/2025) |
| 01/21/2025 | 27 (p.488) | REPLY filed by Bill Word, David Daquin re: 25 (p.456) MOTION to Amend/Correct 23 (p.451) Order on Motion to Intervene,, Order on Motion to Dismiss/Lack of Jurisdiction, 24 (p.455) Judgment (Watkins, Devin) (Entered: 01/21/2025) |
| 05/05/2025 | 28 (p.499) | Memorandum Opinion and Order denying 25 (p.456) Motion to Amend/Correct, filed by David Daquin, Bill Word: For the above reasons, the Court DENIES Plaintiffs' Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). ECF No. 25. (Ordered by Judge Matthew J. Kacsmaryk on 5/5/2025) (cmk) (Entered: 05/05/2025) |
| 05/22/2025 | 29 (p.504) | NOTICE OF APPEAL as to 23 (p.451) Order on Motion to Intervene,, Order on Motion to Dismiss/Lack of Jurisdiction, 24 (p.455) Judgment, 28 (p.499) Memorandum Opinion and Order, to the Fifth Circuit by David Daquin, Bill Word. Filing fee $605, receipt number ATXNDC-15521874. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Watkins, Devin) (Entered: 05/22/2025) |
| 06/05/2025 | 30 | USCA Case Number 25-10668 in USCA5 for 29 (p.504) Notice of Appeal, filed by David Daquin, Bill Word. (cmk) (Entered: 06/09/2025) |

**TAB 2**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| Bill Word, David Daquin, | |
| Plaintiffs, | |
| v. | |
| U.S. Department of Energy | |
| Defendant. | |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiffs Bill Word and David Daquin bring this action for declaratory and injunctive relief against the U.S. Department of Energy ("DOE"). DOE has gone beyond its statutory authority in increasing the stringency of water efficiency rules of certain consumer appliances without lawful authority. More precisely, DOE lacks the authority to increase the stringency of such rules for appliances other than showerheads, faucets, water closets, and urinals. This lawsuit seeks to confine the actions of the DOE to the exercise of its lawful statutory authority.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this suit arises under the laws of the United States, and 28 U.S.C § 1346(a)(2), because this suit constitutes a civil action against an executive department of the United States.

25-10668.7

2. This Court has the authority to grant declaratory and injunctive relief under Section 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702; the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; and the inherent equitable power of this Court.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(e)(1) because the defendant is an executive agency of the United States and Plaintiff Bill Word resides within this judicial district. Venue is proper in the Amarillo Division of the Northern District of Texas pursuant to 28 U.S.C. § 124(a)(5).

## PARTIES

4. Plaintiff Bill Word is an individual who resides in Texas within the boundaries of the United States District Court for the Northern District of Texas in Donley County, Texas.

5. Plaintiff David Daquin is an individual who resides in New Orleans, Louisiana.

6. Defendant U.S. Department of Energy is an agency of the United States.

## FACTS

7. In 1973, the Arab members of the Organization of Petroleum Exporting Countries (OPEC) countries imposed an oil embargo against the United States.

8. To mitigate the nation's dependence on OPEC oil, Congress included limits on the energy use of residential appliances for the first time in the Energy Policy and Conservation Act of 1975 (EPCA).

25-10668.8

9. However, Congress did not consider or authorize restrictions on residential appliance water use at that time. The legislative history provided herein explains how Congress provided limited authority to DOE.

10. In the Energy Policy Act of 1992, Congress amended EPCA by enacting water efficiency standards for certain plumbing products and appliances and by expanding EPCA's purpose to include the conservation of "water by improving the water efficiency of certain plumbing products and appliances." 42 U.S.C. § 6201(8); Section 123 of the Energy Policy Act of 1992.

11. The Energy Policy Act of 1992 expanded the definition of "consumer product"—originally, a product that "is designed to consume energy"—by inserting after the phrase "or, with respect to showerheads, faucets, water closets, and urinals, water." 42 U.S.C. § 6291(1)(A); Section 123(b)(2)(A) of the Energy Policy Act of 1992.

12. The Energy Policy Act of 1992 expanded the definition of "energy conservation standard"—originally, "a performance standard which prescribes a minimum level of energy efficiency or a maximum quantity of energy use"—by adding the phrase "or, with respect to showerheads, faucets, water closets, and urinals, water use." 42 U.S.C. § 6291(6)(A); Section 123(b)(3)(A) of the Energy Policy Act of 1992.

13. The Energy Policy Act of 1992 applied water efficiency rules only to showerheads, faucets, water closets, and urinals.

25-10668.9

14. In the Energy Independence and Security Act of 2007, Congress enacted explicit water and energy limits for clothes washers and dishwashers.

15. The Energy Independence and Security Act of 2007 set a "water factor of not more than 9.5" for residential clothes washers. 42 U.S.C.§ 6295(g)(9)(A)(ii); Section 311(a)(2) of the Energy Independence and Security Act of 2007.

16. In this context, the term "water factor" is used and defined as "the quotient of the total weighted per-cycle water consumption for cold wash divided by the cubic foot (or liter) capacity of the clothes washer." 10 C.F.R. § pt. 430, subpt. B, App. J2. In essence, "water factor" means the gallons of water used per cycle per cubic foot volume of the clothes washer. One implication of this is that the higher that a clothes washer's water factor is, the more water it is allowed to use in each cycle.

17. The Energy Independence and Security Act of 2007 instructed the U.S. Department of Energy to determine if it wanted to amend the standard "[n]ot later than December 31, 2011" for residential "clothes washers manufactured on or after January 1, 2015." 42 U.S.C. § 6295(g)(9)(B)(i).

18. As of December 31, 2011, the U.S. Department of Energy had not issued any standards for residential clothes washers.

19. The Energy Independence and Security Act of 2007 set a water limit of "6.5 gallons per cycle" for standard size residential dishwashers and "4.5 gallons per cycle" for compact size residential dishwashers. 42 U.S. Code § 6295(g)(9)(A); Section 311(a)(2) of the Energy Independence and Security Act of 2007.

25-10668.10

20. The Energy Independence and Security Act of 2007 instructed the U.S. Department of Energy to determine if it wanted to amend the standard "[n]ot later than January 1, 2015. . . . for dishwashers manufactured on or after January 1, 2018." 42 U.S.C. § 6295(g)(10)(B)(i).

21. On May 30, 2012, the U.S. Department of Energy amended the water standards for residential dishwashers by setting the new water limits at 5 gallons per cycle for standard dishwashers and 3.5 gallons per cycle for compact dishwashers. Energy Conservation Program: Energy Conservation Standards for Residential Dishwashers, 77 FR 31918 (May 30, 2012).

22. On January 8, 2024, the Fifth Circuit Court of Appeals recognized that "No part of that text [of EPCA] indicates Congress gave DOE power to regulate water use for energy-using appliances (like dishwashers and washing machines)." *Louisiana v. United States Dep't of Energy*, 90 F.4th 461, 471 (5th Cir. 2024).

23. According to the Fifth Circuit, "EPCA does not appear to contemplate overlap between the products subject to 'energy' regulation and those subject to 'water' regulation." *Id.* at 470. This is because the statute authorized DOE to regulate "energy use, *or*, . . . water use," *id.* at 471, and "[t]he word "or" is almost always disjunctive."" *Id.* (quoting *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 80 (2018)).

24. It is for these reasons that the Fifth Circuit found it "obvious that the statute gave DOE power to regulate energy use for energy using appliances (like

25-10668.11

dishwashers and washing machines) or water use for non-energy-using appliances (like showerheads, faucets, water closets, and urinals)." *Id.*

25. On February 29, 2024 Jeffrey Marootian, Principal Deputy Assistant Secretary for Energy Efficiency and Renewable Energy at the U.S. Department of Energy, issued a direct final rule requiring a minimum water efficiency ratio for clothes washers beyond that required by statute. Energy Conservation Program: Energy Conservation Standards for Residential Clothes Washers, 89 FR 19026 (March 15, 2024). This direct final rule was irreconcilable with the opinion of the Fifth Circuit Court of Appeals.

26. DOE recognized that "the definition of 'energy conservation standard,' in section 6291(6), expressly references water use only for four products specifically named: showerheads, faucets, water closets, and urinals." *Id.* at 19032.

27. However, the preamble to the DOE rule argued that the statutory language in 26 U.S.C. § 6291(6) is not an accurate reflection of the true statutory meaning of "energy convention standard" in the "context of the statute as a whole." 89 FR 19032.

28. According to DOE, when Congress added dishwashers and clothes washers to 42 U.S.C. § 6295, Congress "must have meant those products to be covered products and those standards to be energy conservation standards" and that Congress forgot to issue "conforming changes to the rest of the statute." 89 FR 19033.

25-10668.12

29. DOE's claim about Congress's intentions is false. Congress considered giving Defendants the authority to regulate the water efficiency of clothes washers and dishwashers, but declined to do so.

30. At the House of Representatives hearing on May 1, 2007, numerous advocates selected by the chairman argued for including this addition as a change to the existing understanding of DOE. *Achieving—at long last—appliance efficiency standards*, Before the H. Comm. on Energy and Commerce, Serial No. 110-36, 110th Cong. (2007).

31. At that hearing, California Energy Commissioner Arthur Rosenfeld advocated that "should DOE be able to address separate features like we want clothes washers to also have a water characteristic, because water is expensive in California and we are short on it." *Id.* at 19. He stated:

> Many appliances have more than one efficiency attribute. Several, for example, use both energy and water (e.g., clothes washers, dishwashers), and DOE should be able to establish both energy efficiency and water efficiency requirements for them. . . . But DOE says it cannot take a thorough approach to energy efficiency. Instead, it has generally interpreted EPCA as prohibiting the adoption of more than one standard for an appliance. There is little justification for this in the statute, and none whatsoever in intelligent energy (and water) policy. If a standard is cost effective and technically feasible, DOE should adopt it. Thus Congress should make clear that DOE has, and should exercise, the authority to: establish both water and energy efficiency standards for the same appliance;

*Id.* at 27-28.

32. Commissioner Rosenfeld was asked to respond to a written question from Rep. Markey: "Should Congress make it crystal clear in the statute that DOE has the authority to adopt more than one appliance efficiency standard for an

25-10668.13

appliance?" *Id.* at 246. Commission Rosenfeld responded, "Yes. As many appliances have more than one efficiency attribute, Congress should make it clear to DOE that it has the authority to: Establish both water and energy efficiency standards for the same appliance." *Id.*

33. In response to written questions from Congress concerning preemption of state water use standards DOE responded, on September 18, 2007, that "For most products, such as clothes washers and dishwashers, where DOE only regulates energy use, energy and water use are so closely linked that the Department effectively regulates water use by regulating energy use." *Id.* at 215.

34. On July 20, 2007, Congress sent written questions to the Association of Home Appliance Manufacturers (AHAM), which represents manufacturers of appliances such as dishwashers and clothes washers. It asked, "Should Congress make it crystal clear in the statute that DOE has the authority to adopt more than one appliance efficiency standard for an appliance?" *Id.* at 238. AHAM responded, "AHAM supports provisions in the Committee bill that allows for the setting of both minimum energy efficiency requirements and maximum water consuming requirements for clothes washers and dishwashers." *Id.* AHAM also stated that "[u]nder the Committee's bill, DOE is required to make determinations on appliance efficiency standards for all aspects covered by law, such as energy and water." *Id.* at 229.

35. On June 21, 2007, the Senate voted to amend 110 H.R. 6 (renamed to Energy Independence and Security Act of 2007) to include in section 221 (page 95) an

25-10668.14

amendment to the definition of Energy Conservation Standard in 42 U.S.C.

6291(6) to include the water use of clothes washers and dishwashers within the

definition of an "energy conservation standard" that DOE has the authority to

amend as a new subpart (iii) to the definition. The Senate amendment read:

Section 321 of the Energy Policy and Conservation Act 6 (42 U.S.C. 6291)
is amended by striking paragraph (6) and inserting the following:

"(6) ENERGY CONSERVATION STANDARD.—

"(A) IN GENERAL.—The term 'energy conservation standard' means 1
or more performance standards that—

"(i) for covered products (excluding clothes washers, dishwashers,
showerheads, faucets, water closets, and urinals), prescribe a
minimum level of energy efficiency or a maximum quantity of energy
use, determined in accordance with test procedures prescribed under
section 323;

"(ii) for showerheads, faucets, water closets, and urinals, prescribe a
minimum level of water efficiency or a maximum quantity of water
use, determined in accordance with test procedures prescribed under
section 323; and

"(iii) for clothes washers and dishwashers—

"(I) prescribe a minimum level of energy efficiency or a maximum
quantity of energy use, determined in accordance with test
procedures prescribed under section 323; and

"(II) may include a minimum level of water efficiency or a
maximum quantity of water use, determined in accordance with
those test procedures.

"(B) INCLUSIONS.—The term 'energy conservation standard'
includes—

"(i) 1 or more design requirements, if the requirements were
established—

"(I) on or before the date of enactment of this subclause; or

"(II) as part of a consensus agreement under section 325(hh); and

"(ii) any other requirements that the Secretary may prescribe under section 325(r).

"(C) EXCLUSION.—The term 'energy conservation standard' does not include a performance standard for a component of a finished covered product, unless regulation of the component is authorized or established pursuant to this 3 title."

36. Although there was clear support for that provision by the chairman of the House Committee on Energy and Commerce, and although that provision did pass the Senate, it did not pass the House. Instead, that portion of the Senate amendment was removed by the House through an amendment proposed by the House Rules Committee and adopted by the House on December 6, 2007. Future amendments by the Senate on December 13, 2007 did not re-add this section, and the statute was ultimately enacted without the proposed expansion of DOE authority.

37. Given the high level of interest in enacting the authority that DOE claims and the explicit rejection by the House of the interpretation that DOE claims, such actions by Congress cannot properly be considered a mistake.

38. On April 24, 2024, Defendant issued a direct final rule for dishwashers which contained almost identical arguments for its authority to regulate the water use of dishwashers. Rule Energy Conservation Program: Energy Conservation Standards for Dishwashers, 89 FR 31398, 31407 (Apr. 24, 2024).

25-10668.16

39. Clothes washers and dishwashers have always been understood as covered products, because they were added as covered products in Section 332 of the Energy Policy and Conservation Act of 1975.

40. Congress defined what an energy conservation standard is, and that definition determines the scope of agency authority—which does not include the water use of clothes washers or other appliances outside of showerheads, faucets, water closets, and urinals.

41. Every type of product that Congress gave the U.S. Department of Energy the authority to regulate the water use thereof does not use any energy. In contrast, clothes washers and dishwashers use both energy and water.

42. The energy use of clothes washers and dishwashers are controlled by energy conservation standards, and they can properly be amended by the U.S. Department of Energy. However, the water use of such appliances cannot.

43. Plaintiffs are consumers of consumer appliances that are unlawfully regulated by the Defendant. They are harmed by these recent direct final rules, because their choice of a preferred clothes washer or dishwasher would be eliminated by these rules.

## CLAIMS FOR RELIEF

### COUNT I

**DECLARATORY AND INJUNCTIVE RELIEF AGAINST *ULTRA VIRES* AGENCY ACTION**

44. Plaintiffs re-alleges and incorporates paragraphs 1 through 28 of this Complaint by reference as if set forth verbatim in this Claim.

25-10668.17

45. Defendant does not have the authority to amend the standard for water efficiency of clothes washers, dishwashers, or other appliances other than showerheads, faucets, water closets, or urinals.

46. Defendant has without lawful authority amended the appliance regulations concerning water efficiency as to dishwashers and clothes washers.

## PRAYER FOR RELIEF

For these reasons, the Plaintiffs ask this Court to:

a) Issue declaratory relief that Defendant is currently without lawful authority to amend the water efficiency requirements of appliances other than showerheads, faucets, water closets, or urinals.

b) Issue injunctive relief enjoining Defendant to issue new regulations for water efficiency of dishwashers and clothes washers consistent with the standard set by Congress and the proper amendment process.

c) Issue injunctive relief enjoining Defendant from issuing further water efficiency rules for appliances other than showerheads, faucets, water closets, or urinals, absent any future statutory authority.

d) Award Plaintiffs costs and reasonable attorney's fees.

e) Award such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated: June 13, 2024

/s/ Devin Watkins_____
Devin Watkins
Dan Greenberg
COMPETITIVE ENTERPRISE INSTITUTE
1310 L St. NW, 7th

25-10668.18

Washington, D.C. 20005
(202) 331-1010
Dan.Greenberg@cei.org
Devin.Watkins@cei.org

*Counsel for the Plaintiffs*

MAYFIELD, HEINRICH, RAHLFS,
WEABER & PARSONS, LLP

By:      /s/ Joseph M. Parsons
Joseph M. Parsons
Texas Bar No. 24067815
320 S. Polk, Ste 400
Amarillo, TX 79101
(806) 242-0152
(806) 242-0159 (fax)
jparsons@mayfield-lawfirm.com

*Local Counsel for Plaintiffs*

25-10668.19

**TAB 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BILL WORD and DAVID DAQUIN,

      Plaintiffs,

v.

                                      2:24-CV-130-Z

UNITED STATES DEPARTMENT
OF ENERGY,

      Defendant.

## ORDER

Before the Court are Defendant's Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") (ECF No. 14) and The Association of Home Appliance Manufacturers' ("Movant") Motion to Intervene ("Motion to Intervene") (ECF No. 8). The Motion to Dismiss is **GRANTED**, meaning that the Motion to Intervene is **DENIED** as **MOOT**.

### BACKGROUND

Plaintiffs bring the instant lawsuit to ensure they can use their preferred clothes washer and dishwasher. *See* ECF No. 1 ¶ 43. The Department of Energy ("Department"), they argue, stands in their way, exceeding its authority to regulate efficiency standards for certain home appliances under the Energy Policy and Conservation Act of 1975 ("EPCA"). *See generally* 42 U.S.C. §§ 6295(g)(9) (standards for residential clothes washers), 6295(g)(10) (standards for residential dishwashers). Specifically, Plaintiffs challenge two recently issued Direct Final Rules ("DFRs") to amend EPCA's water-efficiency standards for residential dishwashers and clothes washers. *See* Energy Conservation Standards for Residential Clothes Washers, 89 Fed. Reg. 19,026 (Mar. 15, 2024) ("Clothes Washers DFR"); Energy Conservation Standards for Dishwashers, 89 Fed. Reg. 31,398 (Apr. 24, 2024) ("Dishwashers DFR").

Plaintiffs filed the instant suit on June 13, 2024, seeking only declaratory and injunctive relief against the Department and alleging that it promulgated the foregoing DFRs *ultra vires*. ECF No. 1 ¶¶ 44–46. One week later, on June 20, 2024, Plaintiff Daquin filed a petition seeking review of the Dishwashers DFR from the Fifth Circuit. That petition alleges that the "direct final rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Daquin v. U.S. Dep't of Energy*, No. 24-60316 (5th Cir. June 20, 2024), ECF No. 1-2 at 1.

The Department now moves to dismiss Plaintiffs' sole claim under Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction. ECF No. 14 at 6–7.

### LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see* FED. R. CIV. P. 12(b)(1) (allowing a party to assert by motion the lack of subject matter jurisdiction). The burden of proof for a Rule 12(b)(1) motion lies with the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A dismissal under Rule 12(b)(1) "is not a determination on the merits" and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

### ANALYSIS

The central issue here is whether the EPCA grants concurrent or exclusive jurisdiction to hear DFR challenges in the Fifth Circuit. That statute specifically prescribes methods for administrative procedure and judicial review. The relevant text provides: "[a]ny person who will be adversely affected by a rule . . . may . . . file a petition with the United States court of appeals for the circuit in which such person resides or has his principal place of business, for judicial review of such rule." 42 U.S.C. § 6306(b)(1).

25-10668.452

Plaintiffs argue that because the statute uses the word "may," appellate jurisdiction here is "permissive, not mandatory." ECF No. 18 at 15. They rely on *Cochran v. SEC*, where the Fifth Circuit held that the Securities Exchange Act of 1934 ("SEA") grants concurrent jurisdiction to district and appellate courts to review Final Commission orders. 20 F.4th 194, 200–01 (5th Cir. 2021) (en banc). The jurisdictional statute there used the same "may" language as Section 6306(b)(1) of the EPCA. *See* 15 U.S.C. § 78y(a)(1). The Fifth Circuit reasoned that "[i]t would be troublingly counterintuitive to interpret § 78(a)(1)'s permissive language as eliminating alternative routes to federal court review, especially in the context of separation-of-powers claims of the sort at issue here." *Id.* at 201. Plaintiffs urge this Court to adopt *Cochran*'s reasoning in the EPCA context. ECF No. 18 at 15.

It is true that, as a "default rule," district courts review agency actions. *Int'l Bhd. of Teamsters v. Pena*, 17 F.3d 1478, 1481 (D.C. Cir. 1994); *Five Flags Pipe Line Co. v. Dep't of Transp.*, 854 F.2d 1438, 1439 (D.C. Cir. 1988). But that presumption evaporates "when there is a specific statutory grant of jurisdiction to the court of appeals." *Nat. Res. Def. Council v. Abraham*, 355 F.3d 179, 193 (2d Cir. 2004). In that case, the jurisdictional grant "should be construed in favor of review by the court of appeals." *Id.*; *see Nat'l Parks & Conservation Ass'n v. FAA*, 998 F.2d 1523, 1529 (10th Cir. 1993) (noting that "[i]f there is any ambiguity as to whether jurisdiction lies with a district court or with a court of appeals we must resolve that ambiguity in favor of review by a court of appeals").

Exclusive appellate jurisdiction is especially apt in the EPCA context. First, the statutory structure requires it. Section 6306(b)(1) is a "general grant of jurisdiction," *Abraham*, 355 F.3d at 193, that instructs "persons adversely affected by rules" to file a petition "with the United States court of appeals for the circuit in which such person resides," 42 U.S.C. § 6306(b)(1). The EPCA then excises only two discreet issues subject to district-court review. *See id.* § 6306(c) (authorizing district-court review over actions to determine whether a state or local government meets EPCA requirements or for

3

petitions filed under Section 6295(n)). Neither of the foregoing discreet jurisdictional grants are at issue here. *See generally* ECF No. 1 (complaint). Contra Plaintiffs, therefore, the EPCA is not ambiguous when conferring jurisdiction to district courts. While other statutes like the SEA authorize concurrent review, *see Cochran*, 20 F.4th at 200–01, the EPCA's plain text precludes that here.

Second, it makes little sense for a district court to review the kind of agency action Plaintiffs challenge. That is because "[r]ulemaking proceedings do not ordinarily necessitate additional factfinding by a district court to effectuate the review process." *Abraham*, 355 F.3d at 193; *see Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) (noting that the "factfinding capacity of the district court is . . . typically unnecessary to judicial review of agency decisionmaking"). When the EPCA confers jurisdiction to the district court, it does so for issues appropriate for that forum — namely, whether a state or local government in fact met its EPCA requirements. 42 U.S.C. § 6306(c)(1). But Plaintiffs challenge the underlying agency decisions themselves, which, as the foregoing authorities demonstrate, are more appropriate for appellate review in this limited EPCA context.

CONCLUSION

Plaintiffs make much of the word "may" in Section 6306(b)(1). But here, "may" means "must" in the context of EPCA jurisdictional grants.[1] Therefore, Plaintiffs' Motion to Dismiss is **GRANTED** for lack of subject matter jurisdiction and Movant's Motion to Intervene is **DENIED** as **MOOT**.

**SO ORDERED**.

November 26, 2024

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] To this Court's knowledge, only one case has ever addressed concurrent versus exclusive appellate jurisdiction under the EPCA, and that case held that the EPCA confers exclusive jurisdiction to appellate courts. *Abraham*, 355 F.3d at 191–94.

25-10668.454

**TAB 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BILL WORD and DAVID DAQUIN,

        Plaintiffs,

v.                                    2:24-CV-130-Z

UNITED STATES DEPARTMENT
OF ENERGY,

        Defendant.

## JUDGMENT

The Court has entered its order dismissing Plaintiff's Complaint. Accordingly, this case is

**DISMISSED** with prejudice.

        **SO ORDERED**.

November _26_, 2024.

                                      MATTHEW J. KACSMARYK
                                      UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BILL WORD and DAVID DAQUIN,

      Plaintiffs,

v.

UNITED STATES DEPARTMENT
OF ENERGY,

      Defendant.

2:24-CV-130-Z

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) ("Motion"), filed December 19, 2024. ECF No. 25. Defendant responded on January 9, 2025. ECF No. 26. Plaintiffs replied on January 21, 2025. ECF No. 27. The Motion is now ripe. Having considered the briefing and the relevant law, the Court **DENIES** the Motion.

### BACKGROUND

Plaintiffs filed suit in this Court on June 14, 2024, arguing that the Department of Energy ("DOE") exceeded its authority to regulate efficiency standards for certain home appliances under the Energy Policy and Conservation Act of 1975 ("EPCA"). *See* ECF No. 1 at 10–12; 42 U.S.C. § 6295(g)(9) (standards for residential clothes washers), 6295(g)(10) (standards for residential dishwashers). "Specifically, Plaintiffs challenge[d] two recently issued Direct Final Rules ('DFRs') to amend EPCA's water-efficiency standards for residential dishwashers and clothes washers." ECF No. 23 at 1. One week after filing the Complaint, Plaintiff Daquin filed a petition seeking review from the Fifth Circuit. *Daquin v. U.S. Dep't of Energy*, No. 24-60316 (5th Cir. June 20, 2024).

1

The DOE then filed a motion to dismiss Plaintiffs' claim, arguing that this Court lacked subject-matter jurisdiction. ECF No. 14. This Court granted the motion, holding that the EPCA confers exclusive—not concurrent—jurisdiction to appellate courts to hear final-rule challenges. ECF No. 23 (holding that 42 U.S.C. Section 6306(b)(1) provides an explicit grant of authority to appellate courts, with subsection (c) enumerating only two particular issues over which the district court has jurisdiction). Plaintiffs then filed the instant Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e), contending that the savings clause of 42 U.S.C. Section 6306(b)(4) provides an "exception to the exclusive jurisdiction of the appellate court, and that this Court's determination that it lacks jurisdiction in this matter cannot be reconciled with that exception." ECF No. 25 at 5. Specifically, Plaintiffs take issue with the fact that "this Court's opinion failed to address 42 U.S.C. § 6306(b)(4), *Abbott Labs. v. Gardner*, 287 U.S. 136 (1967), or any other argument raised by Plaintiffs concerning this saving clause." *Id.*

### LEGAL STANDARD

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "calls into question the correctness of [that] judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). For such a motion to be proper, it "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

A Rule 59(e) motion is not the proper vehicle to relitigate issues that were not resolved to the movant's satisfaction, or to raise arguments or present evidence that could have been raised prior to entry of judgment. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir.1989); *Simon*, 891 F.2d at 1159. Federal district courts possess "considerable

2

discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). And the Fifth Circuit has stated that Rule 59(e) actually "favor[s] the denial of motions to alter or amend a judgment," as such reconsideration constitutes an "extraordinary remedy that should be used sparingly." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993); *Templet*, 367 F.3d at 479.

ANALYSIS

Plaintiffs contend that 42 U.S.C. Section 6306(b)(4) furnishes an exception to the grant of exclusive appellate jurisdiction found in Section 6306(b)(1); if correct, Plaintiffs believe that this Court's dismissal for lack of jurisdiction would constitute a manifest error of law. ECF No. 27 at 1–2. Thus, Plaintiffs' invocation of Rule 59(e) based on the Court's alleged legal error is procedurally proper. *See Garziano v. La. Log Home Co., Inc.*, 569 F. App'x 292, 299–300 (5th Cir. 2014).

But no such error has occurred. As an initial matter, this Court carefully reviewed all of the parties' legal and factual contentions prior to issuing its Order, taking into consideration the entirety of all arguments presented. Lack of discussion does not equate to lack of consideration—parties are not automatically entitled to a fulsome discussion of every argument raised. *See United States v. Stephens*, No. 4:08-CV-450, 2009 WL 1422574, at *3 (N.D. Tex. May 19, 2009) ("The court need not address every argument raised by the parties to resolve the pending motions."). Here, the Court deliberately tailored its Order to a discussion of 42 U.S.C. Section 6306(b)(1), just as the only other case considering the instant jurisdictional issue has done. *See Nat. Res. Def. Council v. Abraham*, 355 F.3d 179 (2d Cir. 2004) (addressing the subject of concurrent and exclusive jurisdiction within the context of 42 U.S.C. Section 6306(b) without discussion of subsection (b)(4) or *Abbott Laboratories*).

3

25-10668.501

*Abbott Laboratories* does not apply to the instant case. *Abbott Laboratories* interprets the Food, Drug, and Cosmetic Act of 1938 ("FDCA")—a materially different statute from the EPCA. The relevant portion of the FDCA (21 U.S.C. Section 371(f)) provides exclusive appellate review of the validity of "any order under subsection (e)," which enumerates six specific sections subject to review. *See* 21 U.S.C. § 371(e), (f). However, the plaintiffs in *Abbott Laboratories* sought to extend this application of exclusive appellate review to a seventh, unenumerated section. *See Abbott Labs.*, 387 U.S. at 1511 (emphasis added) ("The Government relies on no explicit statutory authority for its argument that pre-enforcement review is unavailable, but insists instead that because the statute includes a specific procedure for such review of certain kinds of regulations, *not encompassing those of the kind involved here*, other types were necessarily meant to be excluded from any pre-enforcement review."). Only for this reason did the Supreme Court inquire into the "entire legislative scheme." *Id.* ("[W]e must go further and inquire whether in the context of the entire legislative scheme the existence of that circumscribed remedy evinces a congressional purpose to bar agency action not within its purview from judicial review.").

The same need for inference fails to manifest in the instant case. The relevant portion of the EPCA (42 U.S.C. Section 6306(b)(1)) provides for exclusive appellate review of any "rule prescribed under section 6293, 6294, or 6295." Plaintiffs' claims arose under Section 6295, specifically enumerated and contemplated by the plain text of the EPCA and not within either of the jurisdictional district-court exceptions listed in Section 6306(c). Accordingly, considerations of legislative history and congressional intent as found in *Abbott Laboratories*—lending to the Supreme Court's finding of concurrent jurisdiction—are unnecessary. Here, the explicit text of the statute is clear. *Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 436 (2019) (emphasizing that the plain, "ordinary meaning and

4

structure of the law itself" governs). The FDCA and the EPCA are entirely different statutes with different legislative histories. That both contain one textually similar savings clause, the language of which only served to "buttress[]" the Supreme Court's conclusion, does not warrant this Court's application of *Abbott Laboratories*.

**CONCLUSION**

For the above reasons, the Court **DENIES** Plaintiffs' Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). ECF No. 25.

**SO ORDERED**.

May 5, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

25-10668.503

**TAB 5**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| Bill Word, David Daquin,<br>        *Plaintiffs*,<br><br>        v.<br><br>U.S. Department of Energy<br>        *Defendant*. | Case No. 2:24-cv-00130-Z |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that Bill Word and David Daquin, Plaintiffs in the above captioned case, hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Memorandum Opinion and Order (ECF No. 23) granting Defendant's motion to dismiss for lack of subject matter jurisdiction, the Final Judgment (ECF No. 24) dismissing the case with prejudice, and Memorandum Opinion and Order (ECF No. 28) denying Plaintiffs' motion to amend the judgment.

Dated: May 22, 2025

Respectfully submitted.

*/s/ Devin Watkins*
Devin Watkins (D.C. Bar # 155179)
COMPETITIVE ENTERPRISE INSTITUTE
1310 L St. NW, 7th Floor
Washington, D.C. 20005
(202) 331-1010
Devin.Watkins@cei.org

*Counsel for Plaintiffs*

1

**CERTIFICATE OF SERVICE**

I, Charles Devin Watkins, hereby certify that this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court.

/s/ *Devin Watkins*
Devin Watkins